

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Parks E. McMichael
County Attorney
Cass County
Linden, Texas

Dear Sir:

Opinion No. O-2574
Re: Fees of a constable in an examining trial where the defendant is later convicted and sent to the penitentiary, and related questions.

Your recent request for an opinion of this Department on the questions as are herein stated has been received.

We quote from your letter as follows:

"A constable arrests a person for a felony and conveys her to the County Jail in a county in Texas where there have been cast at the preceding presidential election less than 3,000 votes. Subsequently examining trial was had for said felon with said arresting constable acting in his official capacity and defendant was bound over to the Grand Jury on bond which soon afterwards indicted her for the charge filed in Justice Court of which examining trial was had, and later convicted and sent to the penitentiary.

"The arresting officer files his fees in the above case as follows:

```
Arrest- - - - - - - - - - - - - - - - - - $3.00
No mileage on arrest- - - - - - - - - - -
Conveying prisoner to jail- - - - - - - - $6.90

            TOTAL * * * * * * * * * * *  $9.90
```

"What amount of fees would the constable be entitled to receive for above services?

"By whom shall the above fee be paid?"

According to the last Federal Census the population of Cass County is 30,030 inhabitants. The county officials of said county are compensated on an annual salary basis, and the precinct officials are compensated on a fee basis.

Article 1030, Code of Criminal Procedure, specifically provides certain fees for the sheriff or constable for definite services performed by them in felony cases in counties having a population of less than 40,000 inhabitants, as shown by the preceding Federal Census.

Section 17 of Article 3912e, Vernon's Annotated Civil Statutes, reads, in part, as follows:

"Sec. 17. (a) The term 'Precinct Officers' as used in this Act means justices of the peace and constables. . . .

"In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the County out of the Officers' Salary Fund such fees and commissions as would otherwise be paid him by the State for such services."

Article 1020, Code of Criminal Procedure, provides, in part, that:

"Sheriffs and Constables serving process and attending any examining court in the examination of any felony case, shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in County Court to be paid by the State, not to exceed Four and No/100 ($4.00) Dollars in any one case, and mileage actually and necessarily traveled in going to the place of arrest, and for conveying the prisoner or prisoners to jail as provided in Articles 1029 and 1030, Code of Criminal Procedure, as the facts may be, but no mileage whatever shall be paid for summoning or attaching witnesses in the county where case is pending. Provided no

Honorable Parks E. McMichael, Page 3

"sheriff or constable shall receive from the State any additional mileage for any subsequent arrest of a defendant in the same case, or in any other case in an examining court or in any district court based upon the same charge or upon the same criminal act, or growing out of the same criminal transaction, whether the arrest is made with or without a warrant, or before or after indictment, and in no event shall he be allowed to duplicate his fees for mileage for making arrests, with or without warrant, or when two or more warrants of arrest or capiases are served or could have been served on the same defendant on any one day."

Article 1065, Code of Criminal Procedure, provides certain fees for definite services performed which shall be allowed the sheriff or other peace officer performing the same services in misdemeanor cases. A sheriff or other peace officer is allowed the sum of $2.00 for executing each warrant of arrest or capias, or making an arrest without a warrant, in a misdemeanor case in the county court. Article 1020, supra, provides that sheriffs or constables serving process and attending any examining court in the examination of any felony case shall be entitled to such fees as are fixed by law for similar services in misdemeanor cases in the county court. You do not state the number of miles necessarily traveled by the constable in conveying the prisoner to jail. Therefore we cannot state the definite amount that the constable would be entitled to for such services. However, under Article 1020 and 1030, Code of Criminal Procedure, the constable would be entitled to mileage for each mile necessarily traveled in conveying the prisoner to jail, as provided in Section 4 of Article 1030, Code of Criminal Procedure, and $2.00 for making the arrest.

Article 1020, Code of Criminal Procedure, was passed in 1933, and Section 17 of Article 3912e was last amended in 1937. Therefore, Section 17 of Article 3912e is controlling as to who shall pay the above mentioned fees.

In view of the foregoing statutes you are respectfully advised that it is the opinion of this Department that in counties where the county officials are compensated on a salary and the precinct officers are compensated on a fee basis, the constable is entitled to the statutory fees for

768

all services actually performed by him in felony cases handled in the examining court and said fees are to be paid the constable by the county out of the officers' salary fund when said fees would otherwise be paid him by the State for such services.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED AUG 3, 1940

ATTORNEY GENERAL OF TEXAS

FIRST ASSISTANT
ATTORNEY GENERAL

By

Ardell Williams
Assistant

AW:AM

